UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TERRY THOMPSON PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD THOMPSON, AND IN HER INDIVIDUAL CAPACITY,<br><br>  Plaintiff,<br><br>  vs.<br><br>DEARBORN COUNTY COMMISSIONERS, DEARBORN COUNTY SHERIFF'S DEPARTMENT,<br><br>  Defendants. | No. 4:12-cv-00055-SEB-WGH |

**ENTRY ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO SUBSTITUTE PARTY**

Before the Court are Defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted [Docket No. 7] and for failure to timely substitute a party [Docket No. 14] and Plaintiff's motion to substitute a party [Docket No. 19]. The Court, being duly advised, hereby **GRANTS** Defendants' motion to dismiss for failure to state a claim and **DENIES as moot** Defendants' motion to dismiss for failure to timely substitute a party and Plaintiff's motion to substitute a party.

## I.   LEGAL STANDARD

**A. Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." FED.

R. CIV. P. 12(b)(6). To properly state a claim, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.*, quoting *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) ("At [the pleading] stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003); *Szumny v. Am. Gen. Fin.*, 246 F.3d 1065, 1067 (7th Cir. 2001).

**B. Motion to Dismiss for Failure to Timely Substitute a Party**

Rule 25(a)(1) provides that if a party to a lawsuit dies, and the claim is not extinguished at death:

> the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). Upon filing the statement of suggestion of death on the record, the 90-day clock begins to run. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (citing 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 25.06 [2.-1] (2d ed. 1982)). A party may be served with the suggestion through her attorney (FED. R. CIV. P. 5(b)(1)), but a non-party must be personally served. FED. R. CIV. P. 4.

## II.   BACKGROUND

On April 30, 2010, Richard Thompson ("Thompson") was arrested by the Dearborn County Sheriff's Department ("Sheriff") and taken to Dearborn County Jail ("Jail"). Compl. ¶ 2. On May 5, 2010, Thompson's bail was revoked and he was remanded to the Jail. *Id*. ¶ 7. That night, Thompson was hospitalized (*id*. ¶ 8) but remained in the Sheriff's custody. *Id*. ¶ 10. Thompson's condition worsened, and he died on May 28, 2010. *Id*. ¶ 11. Terry Thompson ("Ms. Thompson" or "Plaintiff") became the personal representative of Thompson's estate. Pl.'s Response Ex. 1 at 1. Ms. Thompson died on March 14, 2012. Defs.' Rule 12(b)(6) Motion to Dismiss Ex. 1 ¶ 1.[1] On April 30, 2012, Ms. Thompson's attorney, listing Ms. Thompson as the plaintiff both in her individual capacity and as the representative of Thompson's estate, filed suit

---

[1] Both Defendants' Exhibit 1 (Petition for Probate of the Will) and Plaintiff's Exhibit 1 (Order Admitting Will to Probate, Authorizing Letters Testamentary) fall within the "documents contained within the public record" exception and do not force the court to convert Defendants' motion into one for summary judgment. *Menominee Indian Tribe of Wis. v. Thompson,* 161 F.3d 449, 456 (7th Cir. 1998).

against Defendants, Dearborn County Commissioners ("Commissioners") and Sheriff (collectively, "Defendants"), alleging wrongful death, violation of Thompson's civil rights, and loss of consortium.  Compl. ¶¶ 11-15.

Defendants removed the case to this court on May 9, 2012.  Docket No. 1.  On June 5, 2012, Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  Docket No. 7.  The same day, Defendants filed a Statement Noting a Party's Death ("Statement") for Ms. Thompson [Docket No. 9]; this was mailed to Tamatha Winkle ("Winkle"), the decedent's daughter and Ms. Thompson's estate representative, the same day.  *Id*. at 2.  Having received no response from Winkle, on July 3, 2012, Defendants sent the Statement to Douglas Denmure ("Denmure"), Winkle's attorney.  Defs. Rule 25(a)(1) Motion to Dismiss Ex. 1.  Denmure signed the certificate of receipt on July 9, 2012.  Defs. Rule 25(a)(1) Motion to Dismiss Ex. 2.  On October 10, 2012, while its motion to dismiss under Rule 12(b)(6) was pending, Defendants moved to dismiss pursuant to Rule 25(a) for failure to timely move to substitute a plaintiff.  Docket No. 14.  Defendants claimed that because there was "no motion to substitute [Ms.] Thompson's successor or representative 90 days after defendants filed the suggestion of death, the plaintiffs' claim must be dismissed."  *Id*. ¶ 5.  On November 7, 2012, Ms. Thompson's counsel filed a motion to substitute party.  Docket No. 19.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1367(a).

4

### III. Discussion

#### A. Undisputed Issues

Ms. Thompson's attorney has indicated he does not contest the dismissal of all claims against Commissioners, and he does not continue to claim Ms. Thompson has an individual claim for loss of consortium. Pl.'s Resp. at 1 n.1. The Court, being duly advised, hereby GRANTS Defendants' motion to dismiss those claims.

#### B. Motion to Dismiss for Failure to State a Claim

##### 1. Whether Plaintiff's wrongful death claim is barred for failure to meet conditions precedent

There is no common law action in Indiana for wrongful death. *General Motors Corp. v. Arnett*, 418 N.E.2d 546, 548 (Ind. Ct. App. 1981). Therefore, Ms. Thompson's state law claim for wrongful death (Compl. ¶¶ 11, 13) must be brought under the Indiana Wrongful Death Act ("IWDA"). Ind. Code § 34-23-1-0.1 *et seq*. Compliance with the IWDA's conditions precedent is an absolute requirement for an actionable claim. *Goleski v. Fritz*, 768 N.E.2d 889, 890-91 (Ind. 2002). Under the IWDA, a claim must be filed by the personal representative of the estate within two years of the cause of action accruing. Ind. Code § 34-23-1-1; *Goleski*, 768 N.E.2d at 890; *Arnett*, 418 N.E.2d at 548. A cause of action under the IWDA accrues upon the injured person's death. *Fisk v. United States*, 657 F.2d 167, 171 (7th Cir. 1981); *Holmes v. A.C. & S., Inc.*, 709 N.E.2d 36, 39 (Ind. Ct. App. 1999), *on reh'g*, 711 N.E.2d 1289.

In this case, Ms. Thompson had been previously appointed as representative of Thompson's estate (Defs. 12(b)(6) Motion to Dismiss Ex. 1 at 1) and the suit was filed

within two years of his death.  Docket No. 1.  However, Defendants claim that because Ms. Thompson died before the lawsuit was filed, she could not have been the estate's representative at the time suit was filed.  Because there was no personal representative at the time the lawsuit was filed, they assert, there was no proper plaintiff so the claim under the IWDA cannot proceed.  *See Hosler ex rel. Hosler v. Caterpillar*, 710 N.E.2d 193, 196-97 (Ind. Ct. App. 1999); *Arnett*, 418 N.E.2d at 548.

Ms. Thompson's death left Thompson's estate without a personal representative. *See In re Estate of Posey*, 548 N.E.2d 1205, 1207 (Ind. Ct. App. 1990) ("[w]hen the duly appointed executor or administrator dies . . . the estate is left without a managing agent.").  Moreover, while there was a petition to appoint Winkle as personal representative for Ms. Thompson filed on March 29, 2012 (Defs. 12(b)(6)) Motion to Dismiss Ex. 1), no action was taken to appoint a replacement representative for Thompson, as required by Indiana law.

Plaintiff rejoins that this case is distinguishable from *Hosler* or *Arnett*.  In those cases, there was no personal representative appointed at all during the two-year period in which a claim was allowed, so one of the two conditions was not met.  The courts ruled that the suits were time-barred because representatives had not been appointed within two years of the decedent's death, even though the suits were timely filed.  *Arnett*, 418 N.E.2d at 547; *Hosler*, 710 N.E.2d  at 195-96.  In this case, there was an appointment of a personal representative made within two years of Thompson's death and a timely filed suit.  Plaintiff claims that both conditions precedent therefore were met and the state law claim should be allowed to proceed.

Plaintiff's theory is without support under applicable legal principles. In *Arnett*, the court held that "the only proper plaintiff in a wrongful death action is the one designated in the wrongful death statute, i.e., the personal representative." *Arnett*, 418 N.E.2d 548. This is consistent with the plain, unambiguous statutory language: "[w]hen the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years." Ind. Code § 34-23-1-1. To allow a plaintiff to meet these conditions at times other than those specified in the statute would be to authorize an inappropriate plaintiff—that is, someone besides the current estate representative—to bring a wrongful death action, so long as there had been someone properly appointed as estate representative within two years of the decedent's death.

We conclude that the statutory conditions precedent under the IWDA (Ind. Code § 34-23-1-1) must be met simultaneously. Because Ms. Thompson died before the suit was filed, she could not have been the personal representative of Thompson's estate at the time suit was filed. Thus, the conditions have not been simultaneously satisfied, and Ms. Thompson lacks authority to bring this action. Because the two-year filing period constitutes a statutory prerequisite and not a statute of limitations (*Arnett*, 418 N.E.2d at 548), it is not subject to equitable tolling. Substituting an estate representative now, after the two-year deadline for filing suit, will not cure the plaintiff's deficiency. The Court therefore GRANTS Defendants' motion to dismiss the IWDA claim.

**2. Is the federal law claim time-barred?**

Ms. Thompson also alleges that the injuries suffered by Thompson were "a direct result of the negligence and violation of Mr. Thompson's civil rights by the Dearborn County Sheriff's Department." Compl. ¶ 15. Causes of action for alleged civil rights violations by state officials arise under 42 U.S.C. § 1983 ("section 1983"). Defendants maintain that because there is no available remedy to Plaintiff under the IWDA, and the IWDA is not inconsistent with the U.S. Constitution, plaintiff's section 1983 claim must be dismissed pursuant to 42 U.S.C. § 1988 ("section 1988").[2] Defendants direct the Court's attention to *Robertson v. Wegmann*, in which the Supreme Court held that merely because a state statute bars a plaintiff's claim does not mean the statute is necessarily inconsistent with federal law, and a court is not compelled to allow a section 1983 action to proceed. 436 U.S. 584, 593, 98 S. Ct. 1991, 56 L. Ed. 2d 554 (1978). Since "federal law provides no remedy under [section] 1983 for wrongful death" (*Gill v. Maciejewski*, 546 F.3d 557, 565 (8th Cir. 2008), state law must apply to a plaintiff's wrongful death claims unless it is "inhospitable to the purpose of [section] 1983 actions." *Bentz v. City of Kendallville*, 577 F.3d 776, 778-79 (7th Cir. 2009) (applying principle to Indiana survivor claim); *see also Gill*, 546 F.3d at 565.

To determine whether state law is consistent with section 1983, a court must evaluate whether the statute "generally serves the purposes of [section] 1983." *Estate of Gilliam v. City of Prattville*, 639 F.3d 1041, 1047 (11th Cir. 2011). In *Estate of Gilliam*,

---

[2] When federal substantive law is silent on the issue, courts are to examine the state common law, as modified by the forum state's constitution and statutes, in evaluating a section 1983 claim, so long as it is not inconsistent with the federal constitution. 42 U.S.C. § 1988(a).

the Court held that Alabama's survivorship statute was consistent with section 1983's purposes because it "provides compensation for the constitutional violation and imposes liability on the state official responsible for the death." *Id*. at 1048. The IWDA similarly permits recovery from the state for unconstitutional conduct causing death. Ind. Code § 34-23-1-1. The IWDA's two conditions precedent—that a personal representative file the claim, and that the claim be filed within two years of the decedent's death—do not deprive victims' estates of a remedy against the state or deter their representatives from filing suit. *See Estate of Gilliam*, 639 F.3d at 1049. Therefore, the statute is not inconsistent with the purposes of section 1983.

The requirement that only an appointed estate representative is authorized to bring a wrongful death claim is consistent with Seventh Circuit precedent that "[section] 1983 claims are personal to the injured party." *Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011). Only the decedent's estate may bring a section 1983 claim based on wrongful death, and the estate representative must have standing under the state wrongful death statute to pursue a section 1983 claim. *See, e.g.*, *Thomas ex rel. Smith v. Cook Co. Sheriff*, 401 F. Supp. 2d 867, 871-72 (N.D. Ill. 2005). The IWDA is not inconsistent with section 1983 and Thompson's estate has failed to fulfill the conditions precedent to filing an IWDA claim. The estate thus lacks standing, and Ms. Thompson's federal claim is similarly barred. Accordingly, we GRANT Defendants' motion to dismiss.

### 3. Is Terry Thompson a proper party-plaintiff?

Ms. Thompson, as explained above, also sued the Defendants in her individual capacity. It is undisputed that Ms. Thompson, through Winkle, her estate representative,

9

has no claim for loss of consortium. Pl's Resp. at 1 n.1. Defendants further contend that Ms. Thompson has no other individual claim against them arising from Thompson's death. We agree with Defendants on this point. Under both section 1983 (*Ray*, 662 F.3d at 773) and the IWDA (*Arnett*, 418 N.E.2d at 548), a decedent's spouse has no independent cause of action arising from the decedent's wrongful death; such a cause lies only with the decedent's estate. Ms. Thompson's counsel does not contest the dismissal of the loss of consortium claim (Compl. ¶ 14), and there is no other allegation in the complaint suggesting Ms. Thompson suffered independent harm as a result of Defendants' alleged actions. Therefore, Ms. Thompson is not a proper party-plaintiff in this matter, and any remaining claims brought by Ms. Thompson in her individual capacity are subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [Docket No. 7] for failure to state a claim is granted and Ms. Thompson's claim is DISMISSED WITH PREJUDICE. The remaining motions before the Court [Docket Nos. 14, 19] are DENIED as moot.

**IT IS SO ORDERED.**

Date: 01/09/2013

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

M. Edward Krause, III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com